## In re THOMAS.
### Patent Appeal No. 3082.

Court of Customs and Patent Appeals.

Feb. 27, 1933.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

From the decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner, holding claims 1, 2, 5, and 6 of applicant's application for

a patent unpatentable over the prior art, applicant has appealed here.

Claim 1 is regarded as illustrative, and reads: "1. In a device of the class described, in combination, means for delivering a sheet of material, said delivering means including means for varying the weight per unit of length of such material, means for detecting variations in the weight per unit of length as such material is delivered, and means controlled by said detecting means for controlling said varying means."

The reference relied upon for rejection is the patent to Wayland-Smith, No. 672,466, of April 23, 1901.

The invention relates to an apparatus for automatically controlling the weight per unit length of sheets or strips of material as it is delivered from the feed rollers. One feed roller is so arranged as to be adjustable toward and away from the other so as to vary the amount of feed. A reversible control operates the adjusting means of the roller. The strip of material passes over two longitudinally spaced supporting rollers, and also over a third intermediate roller which is movably mounted and is connected to an indicator to indicate variations in the weight of unit of length of the sheet. The indicator is arranged so as to close circuit connections and thus operate the feed control. The device is particularly useful in detecting the weight per unit of length of sheets of material which are somewhat soft in character, such as rubber-coated fabric, paper, etc.

In the prior art, it is stated by the inventor that, where a soft coating is placed upon a sheet of material, or where a uniform weight and thickness of a given unit is desirable, great difficulty was encountered in detecting variations in the amount of material going into such sheet as it was being produced by the machine. Frequent tests were necessary which could be made only by stopping the machinery. Upon detecting a variation, the rollers were then adjusted. In making paper, rubber-coated fabric, artificial leather, roofing felt, floor coverings, and the like, where uniformity was required, and where changes in temperature and humidity would cause the product to "run light" or "run heavy," the prior art had at times used thickness gauges, or the inspection was made by sight and touch. Where absolute accuracy was required, the machinery was frequently stopped, and a definite part of the sheet was cut out and weighed, occasioning delays, and damage to the material. Frequently the thickness of a given amount of material does not necessarily determine its weight. This is true where a material, such as fabric, is being impregnated with another material. Lumps or unequal amounts of a material at given places give false indications as to the thickness of the whole.

Five claims of the application were allowed. The appealed claims were rejected as having no patentable merit in view of the disclosure in Wayland-Smith, supra, which related to adjusting mechanism for rolling mills for sheet metal. The rollers which varied the thickness of the sheet were adjustable by electric motors. As the sheet passed through the gauge rollers, variations in thickness were detected and the electric control operated to make the adjustment.

The Board's rejection of the claims at bar is based upon the theory that detecting the thickness of the steel sheet was, in substance, the same as detecting its weight, or, at least, it was the equivalent of detecting its weight.

There is some doubt as to whether detecting the thickness of a given portion of a sheet of metal is equivalent to detecting the weight of a given unit of length of a sheet of such material. Appellant's invention, we think, rests in solving a problem which Wayland-Smith did not solve, the solution of which was not obvious. He is the first to teach how to determine the weight of a given unit of length of a material by accurately determining such weight without injuring the material or stopping the machinery, and, we think, has contributed greatly to the art involved. We do not think the claims allowed adequately protect the inventor.

The Board was in error in rejecting the claims for the reasons which it assigned. The decision of the Board of Appeals, rejecting claims 1, 2, 5, and 6, is reversed.

Reversed.